Citation Nr: 1456940 
Decision Date: 12/31/14 Archive Date: 01/09/15

DOCKET NO. 10-49 621 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

1. Entitlement to service connection for a headache disability. 

2. Entitlement to service connection for costochondritis. 

3. Entitlement to an initial rating in excess of 10 percent for a left ankle osteochondral defect, status post arthroscopic surgery. 

4. Entitlement to an initial rating in excess of 10 percent for allergic rhinitis. 


ATTORNEY FOR THE BOARD

Thomas D. Jones, Counsel



INTRODUCTION

The Veteran, who is the appellant, had active duty service from July 1994 to October 2009. 

These matters come before the Board of Veterans' Appeals (Board) from a December 2009 rating decision of the Department of Veterans Affairs (VA), Regional Office (RO) in Winston-Salem, North Carolina. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran seeks service connection for a headache disorder and costochondritis, and increased ratings for allergic rhinitis and a left ankle disability. According to the September 2014 supplemental statement of the case (SSOC), among the evidence considered by the agency of original jurisdiction was VA treatment records from the Hampton, Virginia VA Medical Center dated from April 7, 2010 to July 29, 2014. The SSOC also listed a report of a June 2014 VA medical examination conducted at the Hampton VA Medical Center, as well as a July 2014 addendum to this report. 

Review of the electronic claims file, however, does not indicate that the cited treatment records have been incorporated into the Veteran's file within either Virtual VA or the Veterans Benefits Management System (VBMS). Files described as "Clinical Documents" in Virtual VA are in fact only the June 2014 examination report and the July 2014. The electronic file as currently constituted does not contain any VA treatments records dated between April 2010 to July 2014, and there is no physical file for Board review. Thus, as pertinent medical evidence appears to be missing from the claims file, remand is necessary. 

Accordingly, the case is REMANDED for the following action:

1. Request any pertinent medical records not already received from the Hampton, Virginia, VA Medical Center and any other VA facilities at which the Veteran has received treatment for disabilities on appeal. 

Records from April 7, 2010 to July 29, 2014 referenced in the September 2014 SSOC should specifically requested. 

Updated treatment records after July 2014 should also be requested. 

If no such records are available, that fact should be noted for the record. 

2. After undertaking any additional development deemed appropriate, and giving the appellant full opportunity to supplement the record, adjudicate the Veteran's pending claims in light of any additional evidence added to the record. If any benefit sought on appeal remains denied, the Veteran and her representative should be furnished with a supplemental statement of the case and be afforded the applicable opportunity to respond before the record is returned to the Board for further review. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
H. SEESEL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).